## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.:

JOSE LOPEZ on his own behalf
and on behalf of all others similarly situated

      Plaintiff,

v.

HIGHMARK CONSTRUCTION, LLP and
GABRIEL MATTICE

      Defendants.

---

## COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES
---

Plaintiff files this Collective Action Complaint for Unpaid Wages on his own behalf and on behalf of all others similarly situated against the above-named Defendants.

## STATEMENT OF THE CASE

1.    Plaintiff and those similarly situated were or are employed by Defendants as laborers in Defendants' construction business.

2.    Defendants refused to pay Plaintiff and those similarly situated overtime wages for hours worked beyond forty each workweek.

3.    Defendants also refused to pay Plaintiff and others any wages for the travel time they incurred while working for Defendants.

4.    Defendants also refused to pay Plaintiff and others for break periods required under Colorado law.

5.    And Defendants refused to pay Plaintiff his final paycheck.

6.    Defendants thus violated the Fair Labor Standards Act (the "FLSA"), 29

U.S.C. §§ 201 *et seq.*, because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty (40) each workweek, requires employers to pay for travel time incurred, and requires employers to pay employees for all hours worked.

7.      Defendants also violated the Colorado Minimum Wage Order (the "MWO"), 7 CCR 1103-1, because the MWO requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty (40) each workweek, requires employers to pay for travel time incurred, requires employers to give their employees two paid ten minute rest periods per day, and requires employers to pay employees for all hours worked.

8.      Plaintiff seeks compensation for Defendants' violations of the FLSA and the MWO on his own behalf and on behalf of all Defendants' other similarly-situated employees.

## PARTIES, JURISDICTION, AND VENUE

9.      Plaintiff Jose Lopez was employed by Defendants from approximately 2015 through approximately April, 2017. Plaintiff Lopez's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 1.

10.      Defendant Highmark Construction, LLP is a registered Colorado limited liability partnership doing business at 3605 Golden Spur Loop, Castle Rock, Colorado, 80108.

11.      Defendant Gabriel Mattice is an owner and manager of Highmark Construction, LLP.

12.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

13.     Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the MWO. 28 U.S.C. § 1367.

14.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to Plaintiff's and the Class's claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

15.     Plaintiff and those similarly situated are or were employed by Defendants as laborers in Defendants' construction business.

16.     Plaintiff and Defendants' other employees regularly worked more than forty (40) hours per week. Nonetheless, Defendants refused to pay Plaintiff and those similarly situated overtime wages for overtime hours worked. For example, during the workweek running from March 26, 2017 through April 4, 2017, Plaintiff Lopez worked at least 43 hours. Defendants refused to pay Plaintiff overtime wages for the hours over forty he worked during that and all other workweeks he worked for them.

17.     Defendants subject all their employees to this same policy of refusing to pay overtime wages for overtime hours worked.

18.     Defendants also refused to pay Plaintiff and others for the time they spent travelling from Defendants' office or shop to jobsites, between jobsites, and back to the office/shop each the workday.

19. Defendants also did not provide Plaintiff and others with mandatory 10-minute paid rest periods each 4-hour period they worked.

20. Defendants refused to pay Plaintiff his final paycheck.

21. Defendants' violations of the FLSA were willful.

22. Defendants set Plaintiff's and others' hours of work, and commanded when, where, and how much labor was to be performed by Plaintiff and the Class.

23. Defendants enjoyed more than $500,000.00 in annual revenues in each year relevant to this action, and employed more than two persons who handled goods, such as tools and construction materials, which moved in interstate commerce.

24. Defendant Gabriel Mattice exercised day-to-day operational control over the Highmark Construction, LLP enterprise. Defendant Mattice hired and fired his employees. Defendant Mattice directed Plaintiff and all his other employees as to their job duties and set his employees' hours of work. Defendant Mattice determined his employees' hourly pay rates and made the decision not to pay his employees overtime wages or wages for travel time. Defendant Mattice made the decision not to permit his employees paid rest periods and to deny his employees their final paychecks. Defendant Mattice also exercised financial control over the Highmark Construction, LLP enterprise.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings his claims as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

ALL CURRENT AND FORMER EMPLOYEES OF DEFENDANTS WHO WORKED ON OR AFTER MAY 1, 2014.

26.     The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

27.     All potential Class Members are similarly situated because they are or were paid under Defendants' unlawful common practice, policy or plan regarding employee wages and hours. That is, all Defendants' employees were denied overtime wages, travel time wages and rest periods.

### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

28.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

29.     Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

30.     Defendants employed Plaintiff and the members of the Class in an enterprise engaged in commerce or in the production of goods for commerce as that term is defined by the FLSA because Defendants had annual gross revenues in excess of $500,000 and employed two or more persons, including Plaintiff, who handled materials which moved in interstate commerce during each year relevant to this action. 29 U.S.C. § 203(s)(1).

31.     Plaintiff and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

32.     Defendants "employed" Plaintiff and others as that term is defined by the

FLSA.  29 U.S.C. § 203(g).

33.    Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

34.    Defendants violated the FLSA when they refused to pay Plaintiff and others overtime wages for hours worked beyond forty (40) in each given workweek. 29 U.S.C. § 207.

35.    Defendants violated the FLSA when they refused to pay Plaintiff and others wages for hours spent travelling from Defendants' shop, among jobsites, and back to the shop. 29 C.F.R. § 785.38.

36.    Defendants violated the FLSA when they refused to pay Plaintiff his final paycheck. 29 U.S.C. § 206.

37.    Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

38.    Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

39.    Plaintiff and the Class are entitled to recover unpaid wages, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

**SECOND CLAIM**
**Violation of the MWO, 7 CCR 1103-1**

40.    Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

41.    Defendants were Plaintiff's and others' "employers" as that term is defined by the MWO because they employed Plaintiff and others in Colorado. 7 CCR 1103-1(2).

42.    Plaintiff and others were Defendants' "employees" as that term is defined by the MWO because they performed labor for the benefit of Defendants in which

Defendants commanded when, where, and how much labor they would perform. 7 CCR 1103-1(2).

43.    Defendants violated the MWO when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty (40) each work week. 7 CCR 1103-1(4).

44.    Defendants violated the MWO when they refused to pay Plaintiff and others wages for hours spent travelling from Defendants' shop, among jobsites, and back to the shop. 7 CCR 1103-1(2).

45.    Defendants violated the MWO when they refused to pay Plaintiff and others their final paychecks. 7 CCR 1103-1(3).

46.    Defendants violated the MWO when they refused to provide Plaintiff and others paid rest periods. 7 CCR 1103-1(8).

47.    Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

48.    Plaintiff and others are entitled to recover unpaid wages and attorney fees and costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(18).


**WHEREFORE**, Plaintiff prays as to his FLSA claims that:

   a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

   b. Plaintiff and the Class be awarded compensatory damages;

   c. Plaintiff and the Class be awarded liquidated damages as required by law;

   d. Plaintiff and the Class be awarded pre-judgment and post-judgment interest as permitted by law; and

e. Plaintiff and the Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

f. Plaintiff and the Class be awarded such other and further relief as may be necessary and appropriate.

And as to his MWO claims that:

a. Plaintiff and others be awarded the unpaid balance of the full amount of wages due per Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

b. Plaintiff and others be awarded attorney fees and costs of suit per Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

c. Plaintiff and others be awarded pre-judgment and post-judgment interest as permitted by law;

d. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

*S/ Brandt Milstein*
595 Canyon Boulevard
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

*Attorney for Plaintiff*