IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01068-CMA-MLC

JOSE LOPEZ, on his own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

HIGHMARK CONSTRUCTION, LLP, and
GABRIEL MATTICE,

    Defendants.

---

## ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANTS

---

This matter is before the Court on a Motion for Default Judgment and to Strike Answer of Corporate Entity, filed by Plaintiffs Jose Lopez and Ricardo Perez (Plaintiffs, collectively) against Defendants Highmark Construction, LLP and Gabriel Mattice (Defendants, collectively). (Doc. # 37.) For the reasons discussed below, the Court enters a default judgment against Defendants.

### I. BACKGROUND

The following well-pleaded facts are deemed admitted by Defendants and taken as true for purposes of this order. *See, e.g., Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (stating that upon default, the defendant admits the plaintiff's allegations).

Defendant Highmark Construction, LLP is a construction business in Colorado that is owned and managed by Defendant Gabriel Mattice. (Doc. # 1 at ¶¶ 1, 10–11.) Plaintiff Jose Lopez worked as a construction laborer for Defendants from September 2015 to April 2017, totaling about eighty-three weeks. (Doc. # 37-3 at ¶¶ 1, 5.) Plaintiff Perez worked as a laborer for Defendants from January 2017 to March 2017, for a total of twelve weeks. (Doc. # 37-4 at ¶¶ 1, 5.) During their employment, Defendants failed to pay Plaintiffs (1) overtime wages for hours worked beyond forty each workweek; (2) wages for travel time; and (3) wages for break periods required under Colorado law.

Plaintiff Lopez therefore brought this lawsuit on May 1, 2017, alleging violations of the Fair Labor Standards Act (FLSA), 28 U.S.C. §§ 201 *et seq.*, and the Colorado Wage Order (MWO). Service on Defendants was effected on May 7, 2017. (Doc. # 5.) Defendant Mattice[1] filed an answer to the Complaint on May 18, 2017. (Doc. # 10.) Plaintiff Perez joined in this lawsuit as an opt-in Plaintiff on June 13, 2017. (Doc. # 8-1.) On July 12, 2017, Defendants failed to appear at the Scheduling Conference held before Magistrate Judge Craig B. Shaffer. (Doc. # 12.) The Court then ordered (1) Defendant Highmark Construction, LLP to show cause why default judgment should not be entered against it for failure to retain an attorney and appear in this case, and (2)

---

[1] Plaintiffs ask this Court to strike Defendant Mattice's Answer based on the long-standing Tenth Circuit rule that a corporation must be represented by an attorney to appear in federal court. *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006); *see also Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate office appearing pro se.). The Court declines to do so because it is unclear to this Court whether Defendant Mattice's Answer (Doc. # 10) was filed on behalf of himself only or on behalf of himself and Defendant Highmark Custom Hardwood, LLP. The Court notes, however, that if the Answer is meant to represent the corporate Defendant, it is improper. In any event, the Court finds that default is warranted in this case, regardless of Defendant Mattice's Answer.

Defendant Mattice to show cause why default judgment should not be entered against him for failure to appear at the Scheduling Conference. (Doc. # 12.) On August 14, 2017, Defendant Mattice filed a letter with the Court indicating that he and Defendant Highmark Construction, LLP could not afford an attorney and were not aware of the missed Scheduling Conference. (Doc. # 13.) On September 21, 2017, Magistrate Judge Shaffer held a telephone status conference; Defendant Mattice appeared, but Defendant Highmark Construction did not. (Doc. # 16.)

On November 7, 2017, Plaintiffs served Defendants written discovery requests. (Doc. # 37 at ¶ 12.) Defendants did not respond. (*Id.*)

On December 7, 2017, the Court held a second Scheduling Conference. (Doc. ## 25–27.) Neither Defendant appeared at the conference. (Doc. # 27.) On December 8, 2017, the Court ordered both Defendants to show cause by January 8, 2018, why default should not be entered against them for failure to appear at the second Scheduling Conference in violation of court orders. (Doc. # 28.) To date, neither Defendant has responded to the show cause order, nor has Defendant Highmark Construction filed an answer in this case.

On March 13, 2018, the Clerk of Court entered default as to both Defendants. (Doc. # 36.) That same day, Plaintiffs filed the instant Motion for Default Judgment, requesting damages for earned but unpaid wages and an award of attorney's fees and costs.

## II. **DEFAULT JUDGMENT**

Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55. In order to obtain a judgment by default, the moving party must follow the two-step process described in Rule 55: "first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b)." *Richfield Hospitality, Inc. v. Shubh Hotels Detroit, LLC*, No. 10-cv-00526-PAB-MJW, 2011 WL 3799031, at *2 (D. Colo. Aug. 26, 2011).

At step two, the decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. V. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)). Nonetheless, "there must be a sufficient basis in the pleadings" for default judgment to be entered, since a party in default "does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).

A defendant who fails to answer, plead, or otherwise defend an action is deemed to have admitted the well-pleaded factual allegations of the complaint as true. *See, e.g., Olcott*, 327 F.3d at 1125 (stating that upon default, the defendant admits the plaintiff's allegations); *see also Personal Indus. Loan Corp. v. Forgay*, 240 F.2d 18, 20 (10th Cir. 1956) ("By failing to appear and permitting a default judgment to be entered, [defendant] admitted only facts well pleaded."). In addition, the court accepts the undisputed facts set forth in any affidavits and exhibits. *Deery American Corp. v. Artco*

4

*Equip. Sales, Inc.*, No. 06–cv–01684–EWN–CBS, 2007 WL 437762, at *3 (D.Colo. Feb. 6, 2007) (unpublished).

Ultimately, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

The Court finds that Defendants have failed to defend or otherwise appear in this action. Despite filing an Answer, Defendant Mattice has missed two scheduling conferences, failed to show cause for his absence, and been utterly nonresponsive since September 2017. *See OTO Software, Inc. v. Highwall Techs., LLC*, No. 08-CV-01897-PAB-CBS, 2011 WL 3236049, at *3 (D. Colo. July 5, 2011) ("[A] party fails to 'otherwise defend' for purposes of Rule 55 by effectively signaling its intention to cease participating in its own defense, even after filing an answer."). Defendant Highmark Construction has not filed an answer, appeared at any status or scheduling conferences, or responded to any of the Court's show cause orders. The Court has no trouble concluding that Defendants have failed to defend against this lawsuit.

The Court also finds that the unchallenged facts in this case create a legitimate basis for the entry of a default judgment. Plaintiffs' allegations, which detail the Defendants' FLSA and MWO violations, contain sufficient factual matter, accepted as true, to state a plausible claim for relief under the applicable federal rules. Based on

those allegations, the Court can reasonably infer that Defendants are liable and default judgment should be entered.

### III. **DAMAGES**

Default judgment, however, cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). One of the main reasons for this requirement is to prevent plaintiffs who obtain default judgments from receiving more in damages than is supported by actual proof. *Id.* at n.2. Rule 55(b) provides that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." A court may enter a default judgment without a hearing when, as is the case here, the amount claimed is a liquidated sum or one capable of mathematical calculation. *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

In any event, a live evidentiary hearing is not always required. Rather, the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it. *Ullico Cas. Co. v. Abba Shipping Lines, Inc.*, 891 F. Supp. 2d 4, 7 (D.D.C. 2012); *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012) ("Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.").

The Court finds that Plaintiffs' requests for damages are capable of mathematical calculation and supported by detailed affidavits such that no hearing is required in this

case. Plaintiff Lopez seeks a total damages award of $18,537.87. This award constitutes the sum of the following calculations:

- Overtime damages: 83 weeks worked x 3 hours of unpaid overtime per week x $10 (unpaid overtime premium based on his $20 per hour rate) x 2 (FLSA liquidated damages, 29 U.S.C. § 216(b)) = $4,980.00

- Rest period damages: 415 days worked x 0.33 hours x $12.47 (2016 Colorado minimum wage of $ 8.31 x 1.5 for overtime hours) = $1,707.77

- Travel time damages: 83 weeks worked x 10 hours per week x $12.47 (2016 Colorado minimum wage of $ 8.31 x 1.5 for overtime hours) = $ 10,350.10

- Final unpaid paycheck: $1,500.00

Plaintiff Perez seeks a total damages award of $7,570.21. This award constitutes the sum of the following calculations:

- Overtime damages: 12 weeks worked x 15 hours of unpaid overtime per week x $10 (unpaid overtime premium based on his $20 per hour rate) x 2 (FLSA liquidated damages, 29 U.S.C. § 216(b)) = $3,600.00

- Rest period damages: 60 days worked x 0.33 hours x $13.95 (2017 Colorado minimum wage of $ 9.30 x 1.5 for overtime hours) = $276.21

- Travel time damages: 12 weeks worked x 10 hours per week x $13.95 (2017 Colorado minimum wage of $ 9.30 x 1.5 for overtime hours) = $ 2,684.00

Plaintiffs also request an award of attorney's fees and costs totaling $6,779.00 for time spent litigating this case.

The Court has thoroughly reviewed the legal authority and affidavits submitted in support of the figures listed above. Indeed, each Plaintiff submitted a detailed affidavit explaining his time working for Defendants, the hours unpaid, and the outstanding balance owed. Plaintiffs' counsel has also attested to these calculations.

Additionally, Plaintiffs have submitted sufficient documentation supporting its request for attorneys' fees and costs. Determination of the amount and reasonableness of an attorney's fees is within this Court's discretion. *Wright v. U-Let-Us Skycap Servs., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986). When evaluating a motion for fees and costs, the Court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), overruled on other grounds by *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). The Court (1) determines the number of hours reasonably spent by counsel; (2) assesses the reasonableness of the hourly rate of compensation; and (3) multiplies the reasonable hourly rate by the number of hours expended to determine the "lodestar" amount. *Ramos*, 713 F.2d at 555–56. The Court need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Having reviewed Plaintiffs' attorney's time sheets, and other documentation supporting the fee request, the Court finds Plaintiffs' requested fees and costs are reasonable. (Doc. ## 37-5, 37-6.) Counsel logged 20.98 hours working on this case,

which included, among other things, the initial intake and interviews with Plaintiffs, drafting the Complaint, arranging service, preparing and traveling for three scheduling or status conferences, drafting and organizing initial disclosures and discovery requests, and researching and drafting the instant motion with supporting affidavits and documentation. The hours logged completing these and other tasks in this case are reasonable.

Moreover, the Court is familiar with the rates charged by lawyers in Colorado and concludes that the $300 hourly rate charged by Plaintiffs' attorney is reasonable, especially considering counsel's experience and expertise in wage and hour litigation. (Doc. ## 37-5, 37-6.) See *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1079 (10th Cir. 2002) ("[A] district court . . . may use other relevant factors, including its own knowledge, to establish the [prevailing market] rate.").

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Default Judgment and to Strike Answer of Corporate Entity. (Doc. # 37.) The Motion is GRANTED to the extent that it requests a default judgment against Defendants; the Motion is DENIED to the extent that it requests the Court to strike the Answer (Doc. # 10) filed by Defendant Mattice. It is

FURTHER ORDERED that final judgment is hereby entered in favor of Plaintiff Jose Lopez and against Defendants Gabriel Mattice and Highmark Construction, LLP, jointly and severally, in the amount of $18,537.87. It is

FURTHER ORDERED that final judgment is hereby entered in favor of Plaintiff Ricardo Perez and against Defendants Gabriel Mattice and Highmark Construction, LLP, jointly and severally, in the amount of $7,570.21.  It is

FURTHER ORDERED that final judgment is hereby entered in favor of Plaintiffs Jose Lopez and Ricardo Perez, jointly, and against Defendants Gabriel Mattice and Highmark Construction, LLP, jointly and severally, in the amount of $6,779.00 in attorney's fees and costs.

DATED: March 29, 2018          BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge